**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | CASE NO. 1:10-cv-00952-DLB PC |
| Plaintiff, | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO IMMINENT DANGER EXCEPTION OF 28 U.S.C. § 1915(G) |
| v. | |
| LOPEZ, et al., | (Docs. 1, 2) |
| Defendants. | |

**Order**

Plaintiff Lonnie Williams ("Plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing a complaint on May 27, 2010. Plaintiff concurrently filed a motion to proceed in forma pauperis in this action pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reveal that Plaintiff has accumulated three strikes as of December 20, 2001. The Court takes judicial notice of the following cases that qualify as strikes pursuant to 28 U.S.C. § 1915(g): *Williams v. Lopez*, Case No. 1:99-cv-06648-REC-SMS PC (E. D. Cal.)

1  (dismissed 01/28/2000 for failure to state a claim); *Williams v. California State Prison-*
2  *Corcoran*, Case No. 1:99-cv-06612-OWW-SMS PC (E. D. Cal.) (dismissed 01/28/2000 for
3  failure to state a claim); *Williams v. Andrews*, Case No. 1:01-cv-06222-REC-HGB PC (E. D.
4  Cal.) (dismissed 12/20/2001 for failure to state a claim); *Williams v. Board of Prison Terms*,
5  Case No. 1:01-cv-05526-AWI-HGB PC (E. D. Cal.) (dismissed 12/20/2001 for failure to state a
6  claim); *Williams v. Corcoran State Prison*, Case No. 1:01-cv-05926-AWI-HGB PC (E. D. Cal.)
7  (dismissed 01/29/2002 for failure to state a claim); *Williams v. Wood*, Case No. 1:01-cv-06151-
8  REC-LJO PC (E. D. Cal.) (dismissed 02/28/2002 for failure to state a claim); and *Williams v.*
9  *Rendon*, Case No. 1:01-cv-05891-AWI-SMS PC (E. D. Cal.) (dismissed 03/18/2002 for failure to
10 state a claim).  Plaintiff thus is not allowed to proceed in forma pauperis in this action unless
11 Plaintiff can demonstrate Plaintiff is "under imminent danger of serious physical injury."  28
12 U.S.C. § 1915(g).

13       "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner
14 faced at the time the complaint was filed, not at some earlier or later time."  *Andrews v.*
15 *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  To meet the imminent danger requirement, the
16 threat or prison condition must be real and proximate, *Ciarpaglini v. Saini*, 352 F.3d 328, 330
17 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is
18 filed, *Abdul-Akbar v. McKelvie*, 238 F.3d 307, 313-14 (3d Cir. 2001); *Medberry v. Butler*, 185
19 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

20       Here, Plaintiff alleges in the complaint that Plaintiff is in imminent danger of serious
21 injury.  Plaintiff alleges that defendant prison officers will transfer Plaintiff to a prison in the
22 Central Valley that has valley fever, which is a life-threatening illness to Plaintiff, who has HIV.[1]
23 (Compl., p. 3.) Plaintiff also contends that prison officers, from May 10, 2010 to the date of
24 filing of this action, are serving Plaintiff an unknown poison in his food, with the intent of
25 making Plaintiff ill.  (Compl., p. 6.)  Plaintiff alleges that Plaintiff has become ill, and
26 Defendants have refused to treat Plaintiff's illness and have continued to poison Plaintiff.  (*Id.*)

27
28       [1] Page references are to the court docket's page numbering.  Plaintiff is already housed in North Kern Valley State Prison, which is located in the Central Valley of California.

The Court finds that Plaintiff has sufficiently alleged that Plaintiff is under imminent danger of serious injury.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis, filed May 27, 2010, is GRANTED.

IT IS SO ORDERED.

Dated: **May 27, 2010**          **/s/ Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE