# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | CASE NO. 1:10-CV-00952-LJO-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE FIRST AMENDED COMPLAINT |
| v. | OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO |
| J. LOPEZ, et al., | BE COGNIZABLE |
| Defendants. | (ECF NO. 1) |
| _____/ | RESPONSE DUE WITHIN THIRTY DAYS |

### Findings and Recommendations

**I.      Background**

Plaintiff Lonnie Williams ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing a complaint on May 27, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1

1   1915(e)(2)(B)(ii).

2       A complaint must contain "a short and plain statement of the claim showing that the

3   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

6   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

7   matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949

8   (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal

9   conclusions are not.  *Id.*

10  **II.   Summary Of Complaint and Analysis**

11      Plaintiff was previously incarcerated at North Kern State Prison ("NKSP") in Delano,

12  California, where the events giving rise to this action occurred.  Plaintiff names as Defendants

13  correctional officer J. Lopez, captain K. Da Viega, sergeant Taylor Swaim, sergeant F. Martinez,

14  Jr., correctional officer Sergio Castrejon, lieutenant George Becerra, acting wardenMaurice

15  Junious, licensed psychiatric technician Elizabeth Brewer, and litigation coordinator Laura M.

16  Williams.  Plaintiff also names CC I P. Horn, Dunlop, Longacre, Cunningham, Tindle, Kyle,

17  Vetterick, and D. Harban  in the body of the complaint.  Plaintiff alleges violations of the First,

18  Fourth, Eighth, and Fourteenth Amendments.[1]

19      Plaintiff makes several disparate allegations which the Court will analyze separately.

20      **A.   Prison Transfer**

21      Plaintiff alleges the following.  Plaintiff is HIV-positive and a transsexual.  (Compl. 3.)[2]

22  Plaintiff wrote inmate grievances regarding a potential transfer to California Correctional

23  Institution or Corcoran State Prison, because Plaintiff contends Plaintiff cannot be placed in

24  valley fever areas, or to Pelican Bay State Prison because Plaintiff cannot be isolated.  (Compl.

25  3.)  Plaintiff alleges that Defendant Williams conspired with P. Horn, Maurice Junious, George

---

[1]  Plaintiff alleges a violation of the Fifth and Sixth Amendment.  It is unclear what part of the Fifth or Sixth Amendment was allegedly violated.  Plaintiff thus fails to state a claim for violation of either.

[2]  Page references are to the court docket numbering.

1   Becerra, Castrejon, Taylor Swaim, and F. Martinez to retaliate against Plaintiff for filing prison

2   grievances.  (Compl. 3.)  Plaintiff also alleges deliberate indifference in violation of the Eighth

3   Amendment if transferred to any of the above locations.

4       Allegations of retaliation against a prisoner's First Amendment rights to speech or to

5   petition the government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th

6   Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v.*

7   *Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First

8   Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some

9   adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

10  such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

11  not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-

12  68 (9th Cir. 2005).

13      As of the date of this Findings and Recommendations, Plaintiff is incarcerated at

14  California State Prison, Sacramento ("CSP-SAC").  (Notice of Change of Address, filed June 28,

15  2010, ECF No. 9.)  Plaintiff does state a claim for retaliatory prison transfer.  However, Plaintiff

16  has not sufficiently linked which Defendants threatened Plaintiff with transfer in retaliation for

17  filing of inmate grievances.  To state a claim under § 1983, a plaintiff must allege that (1) the

18  defendant acted under color of state law and (2) the defendant deprived him of rights secured by

19  the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.

20  2006).  Plaintiff bare allegations of conspiracy are insufficient to state a claim.[3]

22      [3] A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of*

23  *Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County,*

24  *Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"

25  *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).
        The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to

26  plaintiff's allegations of conspiracy.  *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002).  However, although accepted as true,

27  the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A plaintiff must set forth "the grounds of his

28  entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  *Id.* (internal quotations and citations omitted).  As such, a bare allegation that Defendants

3

1    Plaintiff fails to state a cognizable Eighth Amendment claim.   The Eighth Amendment

2    protects prisoners from inhumane methods of punishment and from inhumane conditions of

3    confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations

4    are required to make out a conditions of confinement claim, and only those deprivations denying

5    the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

6    Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and

7    quotations omitted).  In order to state a claim for violation of the Eighth Amendment, Plaintiff

8    must allege facts sufficient to support a claim that officials knew of and disregarded a substantial

9    risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*,

10   152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on the part of the official is not sufficient

11   to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S.

12   at 835; *Frost*, 152 F.3d at 1128.

13       The pleadings fail to indicate that any Defendants knew of and disregarded an excessive

14   risk to Plaintiff's health.  Considering a transfer and actual transfer are two separate acts.

15   Plaintiff's concerns of possible serious harm from the prison transfer are at best speculative.

16   Plaintiff thus fails to state a cognizable deliberate indifference claim here.

17       **B.    April 18, 2010 Incident - False RVR**

18       Plaintiff alleges that on April 18, 2010, Defendant F. Martinez attempted to bribe

19   Plaintiff with extra food if Plaintiff assaulted fellow cell mate Gordon with a loose razor blade,

20   provided by Defendant Martinez.  (Compl. 4.)  Plaintiff refused, and notified Defendant Junious

21   of the incident.  In retaliation, Defendants F. Martinez, Junious, Castrejon, Becerra, and Swaim

22   conspired against Plaintiff and aided in the filing of a false rules violation report against Plaintiff

23   for possession of a weapon.  Defendants allegedly coached other staff to write false statements,

24   and deprived Plaintiff a fair and impartial hearing by denying the right to call witnesses or to

25   attend the hearing.  Defendant J. Lopez also assaulted Plaintiff by slamming Plaintiff against a

26   metal box, bruising Plaintiff's left breast, and scratching Plaintiff's neck.

27

28   conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

1       Plaintiff fails to state a cognizable retaliation claim against any Defendants regarding this

2   incident.  First, Plaintiff fails to plead Defendants took adverse action against Plaintiff because of

3   Plaintiff's protected First Amendment activity.  Furthermore, a conspiracy claim brought under §

4   1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'"

5   *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v.*

6   *Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual

7   deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting

8   *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be

9   liable, each participant in the conspiracy need not know the exact details of the plan, but each

10  participant must at least share the common objective of the conspiracy.'"  *Franklin*, 312 F.3d at

11  441 (quoting *United Steel Workers*, 865 F.2d at 1541).

12      The federal system is one of notice pleading, and the court may not apply a heightened

13  pleading standard to plaintiff's allegations of conspiracy.  *Empress LLC v. City and County of*

14  *San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307

15  F.3d 1119, 1126 (2002).  However, although accepted as true, the "[f]actual allegations must be

16  [sufficient] to raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*,

17  550 U.S. 544, 555 (2007) (citations omitted).  A plaintiff must set forth "the grounds of his

18  entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic

19  recitation of the elements of a cause of action . . . ."  *Id.* (internal quotations and citations

20  omitted).  As such, a bare allegation that Defendants conspired to violate Plaintiff's constitutional

21  rights will not suffice to give rise to a conspiracy claim under § 1983.

22      The Due Process Clause protects prisoners from being deprived of liberty without due

23  process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of

24  action for deprivation of procedural due process, a plaintiff must first establish the existence of a

25  liberty interest for which the protection is sought.  *Id.*  Liberty interests may arise from the Due

26  Process Clause itself or from state law.  *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983).  The Due

27  Process Clause itself does not confer on inmates a liberty interest in being confined in the general

28  prison population instead of administrative segregation.  *See id.*  With respect to liberty interests

arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Here, Plaintiff fails to allege a liberty interest, and thus fails to state a cognizable due process claim.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines <u>de minimis</u> uses of force, not <u>de minimis</u> injuries)). Plaintiff states a cognizable claim for use of excessive force against Defendant J. Lopez.

**C.     May 20, 2010 - Taunting**

Plaintiff alleges that Defendant Brewer taunted Plaintiff in retaliation for Plaintiff filing a complaint against Defendant Brewer. (Compl. 5.) Plaintiff alleges that Defendant Brewer conspired with Defendant Swaim, Castrajon, Dunlap, Becerra, Longacre and others to deprive Plaintiff consultations with Plaintiff's psychologist or to attend any medical appointments. Verbal harassment is not enough to state an adverse action for purposes of retaliation. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted). Denial of access to medical or psychological treatment may be sufficient for a retaliation claim. Plaintiff has sufficiently alleged a claim against Defendant Brewer for retaliation. Again, Plaintiff's bare allegations of conspiracy are insufficient to state a claim against any other Defendants.

///

1    **D.       May 10, 2010 Incident - Food Poisoning**

2         Plaintiff alleges Defendants F. Martinez, Taylor Swaim, Becerra, J. Lopez, Castrejon, and

3    Brewer conspired with officers Dunlop, Longacre, Cunningham, Tindle, Kyle, Vetterick, and D.

4    Harban to poison Plaintiff's food with arsenic or some other unknown substance.  (Compl. 6.)

5         Again, Plaintiff's allegations of conspiracy, without more, are insufficient to state a claim

6    for conspiracy.  Poisoning a prisoner's food would violate the Eighth Amendment, and would be

7    sufficient to state a retaliation claim.  However, Plaintiff has failed to sufficiently link which

8    Defendants committed the alleged violation.  Bare allegations of conspiracy by Defendants are

9    not enough.

10         Plaintiff also alleges that Defendant Junious and Williams refused to file Plaintiff's

11   emergency staff complaints regarding this incident.  (Compl. 6.)  Adjudications in the inmate

12   grievance process, without more, fails to state a cognizable claim because Plaintiff is not entitled

13   under due process to a specific form of grievance procedure.  *Ramirez v. Galaza*, 334 F.3d 850,

14   860 (9th Cir. 2003).  Furthermore, supervisory personnel are only liable for their own

15   misconduct, not that of their subordinates.  *Iqbal*, 129 S. Ct. at 1949.  There is no respondeat

16   superior liability under § 1983.  *Id.*

17   **E.       April 29, 2010 to May 20, 2010 - Cell Search**

18         Plaintiff alleges that Plaintiff's cell was searched in retaliation, presumably for the filing

19   of prison grievances.  (Compl. 7.)  Plaintiff has not sufficiently identified which Defendants

20   searched Plaintiff's cell.  Furthermore, prisoners have no Fourth Amendment right of privacy in

21   their cells.  *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984).  Plaintiff also fails to allege why the

22   searching of Plaintiff's cell did not advance any penological goals.  *Rhodes*, 408 F.3d at 567-68.

23   **F.       February 27, 2010 Incident**

24         Plaintiff alleges that Defendant K. DaViega conspired with D. Harban and S. Pineda to

25   break into Plaintiff's legal mail that Plaintiff sent to the courts.  (Compl. 7.)  Prisoners have "a

26   First Amendment right to send and receive mail."  *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir.

27   1995).   Prison regulations relating to the regulation of incoming mail are analyzed under the

28   reasonableness standard set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).  *Thornburgh v.*

1   *Abbott*, 490 U.S. 401, 413-14 (1989).  The regulation is valid if it is reasonably related to

2   legitimate penological interests.  *Turner*, 482 U.S. at 89.  Destruction of mail because Plaintiff is

3   a transsexual would not serve any penological interest and gives rise to a cognizable First

4   Amendment claim against Defendant K. DaViega.

5          Plaintiff also alleges that Defendant K. DaViega threatened Plaintiff with management

6   cell status if Plaintiff continued to file complaints regarding food poisoning. (Compl. 7.)

7   Plaintiff alleges that Defendant K. DaViega conspired with C. Lugo, R. Perez, I. Quintero,

8   Criada, F. Martinez, George Becerra, and Taylor Swaim to deprive Plaintiff of a compatible cell

9   mate.  Plaintiff was subsequently placed in the administrative segregation unit ("ASU").

10         Plaintiff does state a cognizable claim for retaliation against Defendant K. DaViega for

11  placing Plaintiff in ASU because Plaintiff filed grievances against prison officials.  Plaintiff's

12  bare allegation of conspiracy fails to state a claim against any other Defendants.

13         **H.      Unrelated Claims**

14         Plaintiff appears to be alleging different, unrelated claims in the same action.  The Court

15  will require Plaintiff to pursue unrelated claims in a different action.  The Court finds the

16  following claims unrelated to each other: (1) retaliatory prison transfer; (2) false RVR and

17  excessive force incident; (3) retaliatory denial of medical treatment; (4) food poisoning; (5)

18  retaliatory cell search; (6) and opening of legal mail and ASU cell placement.  Plaintiff's

19  allegations of conspiracy are insufficient, and thus Plaintiff does not link these unrelated claims

20  together.

21         "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to

22  relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

23  independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

24  against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A

25  against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated

26  claims against different defendants belong in different suits, not only to prevent the sort of

27  morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

28  pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

1  frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28

2  U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d, 605, 607 (7th Cir. 2007).

3          Plaintiff will be granted leave to file an amended complaint curing the deficiencies

4  identified herein.  If Plaintiff decides to not file an amended complaint, Plaintiff may so notify

5  the Court in writing.  Plaintiff should examine which claims Plaintiff will retain in this action,

6  and which unrelated claims will be filed in a separate action.  Plaintiff is not prevented from

7  pursuing those claims if Plaintiff wishes; however, Plaintiff may not litigate all these claims in

8  this action. Failure to comply with this order may result in the Court choosing which claims will

9  proceed in this action.

10 **III.    Conclusion And Order**

11         Plaintiff states a cognizable claim for excessive force against Defendant Lopez,

12 retaliation against Defendant Brewer, and violation of the First Amendment against Defendant

13 DaViega.  Plaintiff fails to state any other cognizable claims.  The Court will provide Plaintiff

14 with an opportunity to file an amended complaint curing the deficiencies identified by the Court

15 in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change

16 the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v.*

17 *Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

18         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

19 each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

20 rights.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   Although accepted as true, the

21 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

22 ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

23         Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

24 *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

25 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

26 pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

27 complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567

28 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

   (a) file an amended complaint curing the deficiencies identified herein; or

   (b) notify the Court of willingness to proceed only on claims found to be cognizable as stated herein;

3. Plaintiff may not add any new, unrelated claims to this action via the amended complaint and any attempt to do so will result in an order striking the amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**    **July 14, 2010**                    **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE