1

2

3

4

5

6

7 # UNITED STATES DISTRICT COURT

8 ### EASTERN DISTRICT OF CALIFORNIA

9

10 LONNIE WILLIAMS,                              CASE NO. 1:10-CV-00952-LJO-DLB PC

          Plaintiff,                           FINDINGS AND RECOMMENDATIONS
11                                             DISMISSING CERTAIN CLAIMS AND
     v.                                        DEFENDANTS
12
    J. LOPEZ, et al.,                          (DOC. 1)
13
          Defendants.                          OBJECTIONS, IF ANY, DUE WITHIN
14                                             THIRTY DAYS

15 _____/

16 ### Findings and Recommendations

17 **I.    Background**

18      Plaintiff Lonnie Williams ("Plaintiff") is a prisoner in the custody of the California

19 Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

20 forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this

21 action by filing a complaint on May 27, 2010.  On July 14, 2010, the undersigned screened

22 Plaintiff's complaint and found that it stated cognizable claims against Defendants J. Lopez,

23 Brewer, and DaViega for unrelated claims.  The undersigned issued an order requiring Plaintiff

24 to either file an amended complaint curing the deficiencies herein, or notifying the Court of

25 Plaintiff's willingness to proceed only on claims found to be cognizable.  On September 8, 2010,

26 Plaintiff notified the Court that Plaintiff is willing to proceed only on the cognizable claims

27 against Defendant Lopez.  The Court issues the following Findings and Recommendations.

28      The Court is required to screen complaints brought by prisoners seeking relief against a

1  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

2  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

3  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

4  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

5  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

6  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

7  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

8  1915(e)(2)(B)(ii).

9       A complaint must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

13  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

14  matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,

15  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

16  **II.**   **Summary Of Complaint and Analysis**

17       Plaintiff was previously incarcerated at North Kern State Prison ("NKSP") in Delano,

18  California, where the events giving rise to this action occurred.  Plaintiff names as Defendants

19  correctional officer J. Lopez, captain K. Da Viega, sergeant Taylor Swaim, sergeant F. Martinez,

20  Jr., correctional officer Sergio Castrejon, lieutenant George Becerra, acting warden Maurice

21  Junious, licensed psychiatric technician Elizabeth Brewer, and litigation coordinator Laura M.

22  Williams.  Plaintiff also names CC I P. Horn, Dunlop, Longacre, Cunningham, Tindle, Kyle,

23  Vetterick, and D. Harban  in the body of the complaint.  Plaintiff alleges violations of the First,

24  Fourth, Eighth, and Fourteenth Amendments.[1]

25       Plaintiff makes several disparate allegations which the Court will analyze separately.

26  ///

27

28       [1]  Plaintiff alleges a violation of the Fifth and Sixth Amendment.  It is unclear what part of the Fifth or Sixth
Amendment was allegedly violated.  Plaintiff thus fails to state a claim for violation of either.

### A.     Prison Transfer

Plaintiff alleges the following.  Plaintiff is HIV-positive and a transsexual.  (Compl. 3.)[2] Plaintiff wrote inmate grievances regarding a potential transfer to California Correctional Institution or Corcoran State Prison, because Plaintiff contends Plaintiff cannot be placed in valley fever areas, or to Pelican Bay State Prison because Plaintiff cannot be isolated.  (Compl. 3.)  Plaintiff alleges that Defendant Williams conspired with P. Horn, Maurice Junious, George Becerra, Castrejon, Taylor Swaim, and F. Martinez to retaliate against Plaintiff for filing prison grievances.  (Compl. 3.)  Plaintiff also alleges deliberate indifference in violation of the Eighth Amendment if transferred to any of the above locations.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

As of the date of this Findings and Recommendations, Plaintiff is incarcerated at California State Prison, Sacramento ("CSP-SAC").  (Notice of Change of Address, filed June 28, 2010, Doc. 9.)  Plaintiff does not state a claim for retaliatory prison transfer.  Plaintiff has not sufficiently linked which Defendants threatened Plaintiff with transfer in retaliation for filing of inmate grievances.  To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.

---

[2]  Page references are to the court docket numbering.

1    2006).  Plaintiff bare allegations of conspiracy are insufficient to state a claim.[3]

2         Plaintiff fails to state a cognizable Eighth Amendment claim.   The Eighth Amendment

3    protects prisoners from inhumane methods of punishment and from inhumane conditions of

4    confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations

5    are required to make out a conditions of confinement claim, and only those deprivations denying

6    the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

7    Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and

8    quotations omitted).  In order to state a claim for violation of the Eighth Amendment, Plaintiff

9    must allege facts sufficient to support a claim that officials knew of and disregarded a substantial

10   risk of serious harm to him.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*,

11   152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on the part of the official is not sufficient

12   to establish liability, but rather, the official's conduct must have been wanton.  *Farmer*, 511 U.S.

13   at 835; *Frost*, 152 F.3d at 1128.

14        The pleadings fail to indicate that any Defendants knew of and disregarded an excessive

15   risk to Plaintiff's health.  Considering a transfer and actual transfer are two separate acts.

16   Plaintiff's concerns of possible serious harm from the prison transfer are at best speculative.

17   Plaintiff thus fails to state a cognizable deliberate indifference claim here.

18   **B.    April 18, 2010 Incident - False RVR**

19        Plaintiff alleges that on April 18, 2010, Defendant F. Martinez attempted to bribe

20

21        [3] A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to
22   violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of
     Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of
23   constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County,
     Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know
24   the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"
     *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).
25        The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to
     plaintiff's allegations of conspiracy.  *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th
26   Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002).  However, although accepted as true,
     the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atl.
27   Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A plaintiff must set forth "the grounds of his
     entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements
28   of a cause of action . . . ."  *Id.* (internal quotations and citations omitted).  As such, a bare allegation that Defendants
     conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

Plaintiff with extra food if Plaintiff assaulted fellow cell mate Gordon with a loose razor blade, provided by Defendant Martinez. (Compl. 4.) Plaintiff refused, and notified Defendant Junious of the incident. In retaliation, Defendants F. Martinez, Junious, Castrejon, Becerra, and Swaim conspired against Plaintiff and aided in the filing of a false rules violation report against Plaintiff for possession of a weapon. Defendants allegedly coached other staff to write false statements, and deprived Plaintiff a fair and impartial hearing by denying the right to call witnesses or to attend the hearing. Defendant J. Lopez also assaulted Plaintiff by slamming Plaintiff against a metal box, bruising Plaintiff's left breast, and scratching Plaintiff's neck.

Plaintiff fails to state a cognizable retaliation claim against any Defendants regarding this incident. First, Plaintiff fails to plead Defendants took adverse action against Plaintiff because of Plaintiff's protected First Amendment activity. Furthermore, as stated previously, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id.* Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. *See id.* With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Here, Plaintiff fails to allege a liberty interest, and thus fails to state a cognizable due process claim.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson*

*v. McMillian*, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  *Id.* (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  Plaintiff states a cognizable claim for use of excessive force against Defendant J. Lopez.

**C.      May 20, 2010 - Taunting**

Plaintiff alleges that Defendant Brewer taunted Plaintiff in retaliation for Plaintiff filing a complaint against Defendant Brewer.  (Compl. 5.)  Plaintiff alleges that Defendant Brewer conspired with Defendant Swaim, Castrajon, Dunlap, Becerra, Longacre and others to deprive Plaintiff consultations with Plaintiff's psychologist or to attend any medical appointments. Verbal harassment is not enough to state an adverse action for purposes of retaliation. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted).  Denial of access to medical or psychological treatment may be sufficient for a retaliation claim.  Plaintiff has sufficiently alleged a claim against Defendant Brewer for retaliation.  Again, Plaintiff's bare allegations of conspiracy are insufficient to state a claim against any other Defendants.

**D.      May 10, 2010 Incident - Food Poisoning**

Plaintiff alleges Defendants F. Martinez, Taylor Swaim, Becerra, J. Lopez, Castrejon, and Brewer conspired with officers Dunlop, Longacre, Cunningham, Tindle, Kyle, Vetterick, and D. Harban to poison Plaintiff's food with arsenic or some other unknown substance.  (Compl. 6.)

Again, Plaintiff's allegations of conspiracy, without more, are insufficient to state a claim for conspiracy.  Poisoning a prisoner's food would violate the Eighth Amendment, and would be sufficient to state a retaliation claim.  However, Plaintiff has failed to sufficiently link which Defendants committed the alleged violation.  Bare allegations of conspiracy by Defendants are not enough.

1   Plaintiff also alleges that Defendant Junious and Williams refused to file Plaintiff's

2   emergency staff complaints regarding this incident.  (Compl. 6.)  Adjudications in the inmate

3   grievance process, without more, fails to state a cognizable claim because Plaintiff is not entitled

4   under due process to a specific form of grievance procedure.  *Ramirez v. Galaza*, 334 F.3d 850,

5   860 (9th Cir. 2003).  Furthermore, supervisory personnel are only liable for their own

6   misconduct, not that of their subordinates.  *Iqbal*, 129 S. Ct. at 1949.  There is no respondeat

7   superior liability under § 1983.  *Id.*

8   **E.      April 29, 2010 to May 20, 2010 - Cell Search**

9   Plaintiff alleges that Plaintiff's cell was searched in retaliation, presumably for the filing

10  of prison grievances.  (Compl. 7.)  Plaintiff has not sufficiently identified which Defendants

11  searched Plaintiff's cell.  Furthermore, prisoners have no Fourth Amendment right of privacy in

12  their cells.  *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984).  Plaintiff also fails to allege why the

13  searching of Plaintiff's cell did not advance any penological goals.  *Rhodes*, 408 F.3d at 567-68.

14  **F.      February 27, 2010 Incident**

15  Plaintiff alleges that Defendant K. DaViega conspired with D. Harban and S. Pineda to

16  break into Plaintiff's legal mail that Plaintiff sent to the courts.  (Compl. 7.)  Prisoners have "a

17  First Amendment right to send and receive mail."  *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir.

18  1995).   Prison regulations relating to the regulation of incoming mail are analyzed under the

19  reasonableness standard set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).  *Thornburgh v.

20  Abbott*, 490 U.S. 401, 413-14 (1989).  The regulation is valid if it is reasonably related to

21  legitimate penological interests.  *Turner*, 482 U.S. at 89.  Destruction of mail because Plaintiff is

22  a transsexual would not serve any penological interest and gives rise to a cognizable First

23  Amendment claim against Defendant K. DaViega.

24  Plaintiff also alleges that Defendant K. DaViega threatened Plaintiff with management

25  cell status if Plaintiff continued to file complaints regarding food poisoning. (Compl. 7.)

26  Plaintiff alleges that Defendant K. DaViega conspired with C. Lugo, R. Perez, I. Quintero,

27  Criada, F. Martinez, George Becerra, and Taylor Swaim to deprive Plaintiff of a compatible cell

28  mate.  Plaintiff was subsequently placed in the administrative segregation unit ("ASU").

1    Plaintiff does state a cognizable claim for retaliation against Defendant K. DaViega for

2    placing Plaintiff in ASU because Plaintiff filed grievances against prison officials.  Plaintiff's

3    bare allegation of conspiracy fails to state a claim against any other Defendants.

4    **H.    Unrelated Claims**

5    Plaintiff appears to be alleging different, unrelated claims in the same action.  The Court

6    will require Plaintiff to pursue unrelated claims in a different action.  The Court finds the

7    following claims unrelated to each other: (1) retaliatory prison transfer; (2) false RVR and

8    excessive force incident; (3) retaliatory denial of medical treatment; (4) food poisoning; (5)

9    retaliatory cell search; (6) and opening of legal mail and ASU cell placement.  Plaintiff's

10   allegations of conspiracy are insufficient, and thus Plaintiff does not link these unrelated claims

11   together.

12   "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to

13   relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

14   independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

15   against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A

16   against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated

17   claims against different defendants belong in different suits, not only to prevent the sort of

18   morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

19   pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

20   frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28

21   U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d, 605, 607 (7th Cir. 2007).

22   **III.   Conclusion And Recommendation**

23   Plaintiff states a cognizable claim for excessive force against Defendant Lopez,

24   retaliation against Defendant Brewer, and violation of the First Amendment against Defendant

25   DaViega.  Plaintiff fails to state any other cognizable claims.  Plaintiff was provided with the

26   opportunity to file an amended complaint to cure the deficiencies identified, but declined, and

27   indicated willingness to proceed only against Defendant J. Lopez.

28   ///

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.      This action proceed against Defendant J. Lopez for excessive force in violation of the Eighth Amendment;

2.      Plaintiff's claims for violation of the First Amendment against Defendants Brewer and DaViega are dismissed without prejudice;

3.      Plaintiff's other claims are dismissed with prejudice from this action for failure to state a claim upon which relief may be granted; and

4.      Defendants Taylor Swaim, F. Martinez, Jr., Sergio Castrejon, George Becerra, Maurice Junious, Laura M. Williams, P. Horn, Dunlop, Longacre, Cunningham, Tindle, Kyle, Vetterick, D. Harban, Brewer, and DaViega are dismissed from this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 13, 2010**                            /s/ **Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE