# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. LOPEZ, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:10-CV-00952-LJO-DLB PC<br><br>ORDER STRIKING PLAINTIFF'S SURREPLY (DOC. 49)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED (DOC. 33)<br><br>OBJECTIONS, IF ANY, DUE WITHIN EIGHTEEN DAYS |

**Findings And Recommendations**

## I.　Background

Plaintiff Lonnie Williams ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed May 27, 2010, against Defendant J. Lopez for excessive force in violation of the Eighth Amendment.

On March 24, 2011, Defendant filed a motion to dismiss pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to exhaust available administrative remedies. Defs.' Mot. Dismiss, Doc. 33. On July 18, 2011, Plaintiff filed an opposition. Pl.'s Opp'n, Doc. 47.[1] On July 22, 2011, Defendant filed his reply. Defs.'

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on September 23, 2010. Second Informational Order, Doc. 17; *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

Reply, Doc. 49. The matter is submitted pursuant to Local Rule 230(l).

Plaintiff filed a "second opposition" on August 1, 2011. The Court construes this second opposition as a surreply. Surreplies are generally not permitted. *See* L. R. 230(l). The Court did not grant, or request, a surreply. Accordingly, it is HEREBY ORDERED that Plaintiff's surreply, filed August 1, 2011, is STRICKEN.[2]

## II.     Summary Of Complaint

Plaintiff was incarcerated at North Kern State Prison "NKSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff alleges that Defendant J. Lopez assaulted Plaintiff by slamming Plaintiff against a metal box, bruising Plaintiff's left breast, and scratching Plaintiff's neck. Plaintiff sufficiently alleged a claim for excessive force in violation of the Eighth Amendment. This incident occurred on or around April 18, 2010.

## III.    Exhaustion Of Administrative Remedies

### A.     Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The

---

[2] Out of an abundance of caution, the Court reviewed Plaintiff's surreply and finds that it would not change the analysis herein.

2

failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

### B. Discussion

The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendant contends that Plaintiff failed to exhaust administrative remedies as to this claim. Defendant contends that Plaintiff submitted one grievance regarding the claim, grievance No. NKSP-10-00912. Def.'s Mot. Dismiss 5:19-6:6. Plaintiff's grievance bypassed the informal and first formal level of review, receiving a second level review on July 6, 2010. Pat Horn Decl., Ex. C. Plaintiff appealed this decision to the Director's level, but the appeal was screened out. D. Foston Decl. ¶ 8. Defendant contends that Plaintiff failed to appeal this grievance at the

3

Director's level of review, thus failing to exhaust administrative remedies. Def.'s Mot. Dismiss 6:10-8:6. Defendant submits as evidence grievance No. NKSP-10-00912, a declaration from Pat Horn, litigation coordinator at NKSP, and a declaration from D. Foston, chief of the Inmate Appeals Branch.

Plaintiff's opposition fails to address Defendant's arguments. Having reviewed the record and the submitted exhibits, the Court finds that Plaintiff has not exhausted administrative remedies, though on grounds different than those proffered by Defendant.

Plaintiff submitted grievance No. NKSP-10-00912 on June 1, 2010. This grievance makes a brief mention of Defendant J. Lopez assaulting Plaintiff. However, Plaintiff initiated this action by filing the complaint on May 27, 2010. The May 27, 2010 complaint is the operative pleading in this action. Thus, even if Plaintiff had exhausted administrative remedies, Plaintiff only initiated the administrative grievance process after filing the complaint. Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones*, 549 U.S. at 211. On these grounds alone, Plaintiff has failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).[3] The proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1119-20.[4]

### IV. Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  Defendant's unenumerated 12(b) motion to dismiss for Plaintiff's failure to

---

[3] As to the grievance itself, Plaintiff has not exhausted administrative remedies. "[W]hen a prison's grievance procedures are silent or incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120, (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Plaintiff's grievance requested as relief a re-hearing of a Rules Violation Report, as well as protection from any future retaliation. Plaintiff complained of a conspiracy against Plaintiff by prison officials as retaliation for Plaintiff filing lawsuits. Plaintiff has not sufficiently alerted prison officials as to the nature of the wrong for which redress was sought regarding the claims against Defendant Lopez.

[4] Defendant contends that the dismissal should be with prejudice, citing an opinion from the Second Circuit. *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004). The Court declines to adopt that authority, as it has not been similarly followed in the Ninth Circuit.

1  exhaust available administrative remedies, filed March 24, 2011, be GRANTED in full;

2. Plaintiff's claim against Defendant Lopez be DISMISSED without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a);

3. Defendant Lopez be DISMISSED from this action;

4. All other pending motions be DENIED as moot; and

5. The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **eighteen (18) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 12, 2011**            /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

5